NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LAURA M. WALTERS, | ) | |
| | ) | Supreme Court No. S-15015 |
| Appellant, | ) | |
| | ) | Superior Court No. 3KO-10-00065 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| TODD V. COOK, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1470 – December 18, 2013 |
| _____ | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kodiak, John Suddock, Judge.

Appearances: Allison Mendel and Laurence Blakely, Mendel & Associates, Anchorage, for Appellant. Steven P. Gray, Law Offices of Steven P. Gray, APC, Kodiak, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

## I. INTRODUCTION

Following their divorce, Laura Walters and Todd Cook shared custody of their son. The parties jointly requested an amended custody schedule when Todd decided to move out of state. The court granted physical custody to Laura during the school year and visitation to Todd for every Christmas break, every spring break, and most of every summer break. Laura appeals the superior court's order modifying

---

\* Entered under Alaska Appellate Rule 214.

custody, arguing that: (1) the court erred as a matter of law by establishing visitation based on a court template; (2) the court abused its discretion in failing to adequately weigh relevant factors before establishing visitation; and (3) the court failed to make findings on issues raised in the custody investigator's report. We affirm the superior court's decision.

## II.    FACTS AND PROCEEDINGS

Laura Walters and Todd Cook had a son born on September 11, 2004. In 2010, Laura filed for divorce. The parties contested custody, and the court appointed Dr. Rebecca Bosek as the child custody investigator. After trial, the court awarded Laura sole legal custody and gave Laura and Todd shared physical custody.

Early in 2012, Todd and his new wife decided to move from Kodiak to Couer d'Alene, Idaho to be closer to their extended families. The parties initially attempted to work out a custody schedule for the summer of 2012. However, the parties could not agree on a schedule.

The parties jointly filed a motion to modify the custody schedule and re-appoint Dr. Bosek as the custody investigator. Dr. Bosek conducted several interviews and filed a detailed report. She expressed concern over Todd's continued consumption of alcohol following a past DUI conviction and Todd's "ongoing emotional abuse and physical intimidation of Laura." Dr. Bosek recommended a detailed custody schedule that assigned specific custody periods, holidays, and travel costs to each parent.

After a preliminary hearing on June 25, 2012, the court granted a temporary custody order adopting most of Dr. Bosek's recommendations for the summer of 2012. The court ordered that the child would join Todd in Idaho on July 1, 2012, for two weeks, return to Kodiak for two weeks, then return to Idaho for another two weeks before returning to Kodiak.

Each party filed a proposed custody schedule. Both plans provided for some arrangement of alternating holidays where each parent would have a visit with the child on either Thanksgiving or Christmas Day in a given year.

The court held a final hearing on September 18, 2012. After the conclusion of the hearing, the court entered written findings granting primary legal and physical custody to Laura and visitation for every Christmas, every spring break, and most of every summer break to Todd.

## III. STANDARD OF REVIEW

The superior court has "broad discretion in child custody decisions," and its determinations are upheld "unless the record shows that its controlling findings of fact are clearly erroneous or the court abused its discretion."[1] We will find an abuse of discretion in a custody determination when the superior court "fails to consider statutorily mandated factors, assigns too much weight to some of the factors, or considers improper factors."[2] The superior court's choice of the proper legal standard is a question of law we review de novo.[3]

## IV. DISCUSSION

### A. The Superior Court Properly Applied The Best Interests Standard.

Alaska Statute 25.24.150(c) requires the trial court to base its decision to modify a custody order on the best interests of the child. When making this

---

[1] *Chesser v. Chesser-Witmer*, 178 P.3d 1154, 1156 (Alaska 2008) (quoting *Borchgrevink v. Borchgrevink*, 941 P.2d 132, 134 (Alaska 1997) and *Evans v. Evans*, 869 P.2d 478, 479 (Alaska 1994)) (internal quotation marks omitted).

[2] *J.L.P. v. V.L.A.*, 30 P.3d 590, 594 (Alaska 2001) (citing *Pearson v. Pearson*, 5 P.3d 239, 252) (Alaska 2000)).

[3] *Smith v. Weekley*, 73 P.3d 1219, 1222 (Alaska 2003) (quoting *Barrett v. Alguire*, 35 P.3d 1, 5 (Alaska 2001)).

determination, the court must assess the "best interests in light of all of the relevant factors."[4] The court need not "make explicit 'ultimate' findings that the best interests of the children require the custodial disposition reached," as long as the findings "give us a clear indication of the factors which the superior court considered important."[5] The legal standards are the same in "custody cases where one parent chooses to relocate" as in initial custody determinations.[6]

In its oral findings, the superior court noted that this decision involved "the most difficult of the custodial situations" because the parents live in different states. The court noted that "[t]here is a court standard for that, . . . which is what everybody gets who comes to court, essentially, unless there is something sort of profound that interrupts that pattern." The court explained that the "child's going to go to school in one locale and he's going to spend Christmas and summer in the other locale and maybe a spring break if there's the . . . resource but not if there's not." The court stated that it did not "see much need to diverge from the standard." Based on these remarks, Laura argues that the judge imposed a court template for the custody order and failed to consider the child's best interests.

The superior court's remarks reflect little more than a recognition of the practical realities of a custody and visitation decision for a school-age child when the parents live in different states. When the legislature amended the child custody statute to promote shared custody, it found that:

---

[4] *Barrett*, 35 P.3d at 6 (quoting *Moeller-Prokosch v. Prokosch*, 27 P.3d 314, 317 (Alaska 2001)) (internal quotation marks omitted).

[5] *Smith*, 73 P.3d at 1225 (quoting *Borchgrevink*, 941 P.2d at 139-40) (internal quotation marks omitted).

[6] *Barrett*, 35 P.3d at 7 (citing *McQuade v. McQuade*, 901 P.2d 421, 423 n.6 (Alaska 1995)).

it is generally desirable to assure a minor child frequent and continuing contact with both parents after the parents have separated or dissolved their marriage and that it is in the public interest to encourage parents to share the rights and responsibilities of child rearing. While actual physical custody may not be practical or appropriate in all cases, it is the intent of the legislature that both parents have the opportunity to guide and nurture their child and to meet the needs of the child on an equal footing beyond the considerations of support or actual custody.[7]

When the parents live in different states, assuring "frequent and continuing contact with both parents" nearly always requires a child to spend the school year with one parent and to spend as much vacation time as possible with the other.

Moreover, the superior court did not stop after noting the difficulties inherent in this situation. It went on to consider explicitly the statutory factors in its oral findings. We conclude that the superior court did not commit any legal error in its best interests determination.

**B.    The Superior Court Considered All Relevant Factors.**

**1.    The superior court did not abuse its discretion in weighing the stability factor.**

Laura argues that the court failed to adequately consider the stability factor, which involves "the length of time the child ha[d] lived in a stable, satisfactory environment and the desirability of maintaining continuity."[8] However, in interpreting this factor we have cautioned that "a court considering the child's need for continuity and

---

[7]    Ch. 88, § 1(a), SLA 1982.

[8]    AS 25.24.150(c)(5).

-5-                    1470

stability in this context must examine not only the desirability of maintaining geographical continuity, but also the importance of maximizing relational stability."[9]

In the present case, the custody order specifically addressed Laura's concerns about the child's summer transition from visiting Todd in Idaho. The order provided for Laura to exercise up to 21 days of visitation at the beginning or end of summer vacation and during two other periods of her choice. Further, the superior court allowed the child to maintain a connection to Laura by awarding her the right to video conference with the child before bedtime every night. The court did not abuse its discretion in its consideration of the stability factor.

**2.     The superior court did not abuse its discretion in weighing the religion factor.**

Laura also argues that the court erred when it awarded Todd visitation during every Christmas break. Laura's argument is based on the statutory requirement for the court to consider a child's religious needs.[10] But the only mention of religion in the record is a note in Dr. Bosek's report that Laura has ensured "that [the child] has opportunities to participate in activities at St. Paul Lutheran Church."

The superior court is not required to make explicit findings on each statutory factor, as long as the court gives a "clear indication of the factors which [it] considered important."[11] The superior court does not err if it does not "expressly address

---

[9]     *Blanton v. Yourkowski*, 180 P.3d 948, 954 (Alaska 2008) (quoting *Meier v. Cloud*, 34 P.3d 1274, 1279 (Alaska 2001)).

[10]     *See* AS 25.24.150(c)(1).

[11]     *Borchgrevink v. Borchgrevink*, 941 P.2d 132, 139 (Alaska 1997) (quoting *Bird v. Starkey*, 914 P.2d 1246, 1249 n.4 (Alaska 1996)).

factors not disputed by the parties and those which did not favor the parent to whom custody was denied."[12]

In this case, neither party presented any special religious considerations during the hearing. After the superior court announced its decision to award visitation to Todd during the child's Christmas break, Laura's attorney asked if Laura could have visitation with the child if she traveled to Idaho to visit her own family. The judge granted this request and ordered that Laura would have visitation on Christmas Eve or Christmas Day in alternating years if she were near Todd's residence.

We recognize that Christmas is an important holiday for many families and that a judge is required to recognize a child's religious needs when determining visitation. On this record, however, we cannot say that the court abused its discretion by failing to give further consideration to this factor.

C.    **The Superior Court Is Not Required To Make Findings About Its Decisions To Depart From A Custody Investigator's Report.**

Laura argues that we must remand because the trial court did not make a finding on all the issues that the custody investigator raised. But the superior court is not obligated to follow the recommendations of a custody investigator: "[C]ustody investigators are simply expert witnesses . . . and their recommendations should be evaluated on a case-by-case basis, in the same manner as testimony presented by other witnesses."[13] Therefore, "trial courts are free to reject those opinions provided that the

---

[12]    *Smith v. Weekley*, 73 P.3d 1219, 1226 (Alaska 2003) (citing *Borchgrevink*, 941 P.2d at 138).

[13]    *Chesser v. Chesser-Witmer*, 178 P.3d 1154, 1159 (Alaska 2008) (alteration in original) (quoting *Ebertz v. Ebertz*, 113 P.3d 643, 647 (Alaska 2005)) (internal quotation marks omitted).

evidence as a whole supports the court's decision."[14] As noted above, the superior court made specific findings on each of the relevant statutory factors. The court did not err by failing to specifically address the custody investigator's recommendations.

## V.    CONCLUSION

We AFFIRM the superior court's order modifying the custody schedule.

---

[14]    *Id.* (quoting *Ebertz*, 113 P.3d at 64) (internal quotation marks omitted).